[792 NYS2d 332]

In the Matter of DAVID A. KATZ (Admitted as DAVID ALAN KATZ), a Suspended Attorney, Resignor.

Second Department, April 11, 2005

### APPEARANCES OF COUNSEL

*David A. Katz*, White Plains, resignor pro se.

*Gary L. Casella*, White Plains, for Grievance Committee for the Ninth Judicial District.

### OPINION OF THE COURT

Per Curiam.

David A. Katz has submitted an affidavit dated July 28, 2004, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Katz was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 26, 1999, under the name David Alan Katz.

Mr. Katz is aware that he is the subject of a pending investigation by the Grievance Committee for the Ninth Judicial District into multiple allegations of professional misconduct concerning breach of his fiduciary duty by failing to account for funds entrusted to him relating to his practice of law, conversion of client funds, and/or failing to promptly pay funds to clients. He avers that he is making his resignation voluntarily, free from coercion and duress, and with a full awareness of the implications of its submission. Mr. Katz acknowledges his inability to successfully defend himself on the merits against any charges predicated upon the aforesaid allegations.

Mr. Katz is further aware that the Appellate Division, in any order permitting him to resign, could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. He acknowledges that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee submits that during his investigative appearances on April 27, 2004, and June 3, 2004, Mr. Katz testified that he breached his fiduciary duties by failing to account for funds entrusted to him which related to his practice of law, and/or failed to promptly pay funds to clients. The Grievance Committee supports acceptance of Mr. Katz's affidavit of resignation, as it is in the best interest of the public.

Inasmuch as the proffered resignation complies with appropriate Court rules, it is accepted, and, effective immediately, David A. Katz, admitted as David Alan Katz, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and MASTRO, JJ., concur.

Ordered that the resignation of David A. Katz, admitted as David Alan Katz, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David A. Katz, admitted as David Alan Katz, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that David A. Katz, admitted as David Alan Katz, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David A. Katz, admitted as David Alan Katz, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the motion by the Grievance Committee for the Ninth Judicial District to suspend David A. Katz, admitted as David Alan Katz, from the practice of law pursuant to 22 NYCRR 691.4 (*l*) (1) (i), (ii) and (iii) is denied as academic in view of his resignation; and it is further,

Ordered that if David A. Katz, admitted as David Alan Katz, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).